IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROGER SHAW, ) | |
| ) | |
| Petitioner, ) | |
| ) | No.  06 C 1233 |
| v. ) | |
| ) | Judge Robert W. Gettleman |
| DON HULICK, Warden, Menard Correctional ) | |
| Center, ) | |
| ) | |
| Respondent. ) | |

## **MEMORANDUM OPINION AND ORDER**[1]

Petitioner Roger Shaw has brought a pro se petition for a writ of habeas corpus seeking to overturn his 1990 conviction for first degree murder. Respondent has moved to dismiss the petition as untimely under the Anti-Terrorism and Effective Death Penalty Act, 28 U.S.C. § 2244(d) ("AEDPA"). For the reasons set forth below, the motion is granted.

## **BACKGROUND**

On March 30, 1990, petitioner pled guilty in the Circuit Court of Will County, Illinois, to first degree murder and home invasion. He was sentenced to a term of 80 years incarceration for the murder conviction and a concurrent term of 30 years incarceration for the home invasion conviction.

After being sentenced, petitioner filed a motion to withdraw his guilty plea or modify his sentence, which was denied. He appealed that denial to the Illinois Appellate Court, which found that his trial attorney had not properly followed Illinois Supreme Court Rules in filing the

---

[1] Petitioner originally named Alan Uchtman, then Warden at Menard Correctional Center as respondent. Pursuant to rule 2(a) of the Rules Governing § 2254 Cases in the United States District Courts, Don Hulick, current warden at Menard has been substituted as respondent.

post-plea motion, and thus remanded for a new hearing. On remand, the motion was again denied on January 27, 1992. Petitioner's appeal was denied on September 17, 1992. Petitioner did not timely file a petition for leave to appeal ("PLA") to the Illinois Supreme Court, so his direct appeal process ended after the appeal was denied by the appellate court. Nearly four years later, on October 4, 1996, petitioner moved to file a late PLA, which motion was denied on February 10, 1997.

On September 13, 1996, petitioner filed his initial petition for post-conviction relief. It was dismissed on September 24, 1996. Petitioner appealed, and after years of litigation, withdrew that appeal on March 2, 1999. He then filed a PLA which was denied on June 2, 1999. In the interim, on May 4, 1999, he also filed an Amended Motion for Review of Plain Error with the Illinois Supreme Court, which was denied on May 12, 1999.

On September 23, 1996, shortly after filing his initial post-conviction petition, petitioner also filed a motion for leave to file a petition for writ of habeas corpus with the Illinois Supreme Court. That motion was denied on December 16, 1996.

While his post-conviction appeal was pending, petitioner filed additional motions in the circuit court. First, he filed a petition for relief from judgment which was denied on November 11, 1998. Then, on December 13, 1999, he filed a motion for review of plain error which he then withdrew before it could be addressed.

On April 23, 1999, petitioner filed a second post-conviction petition and, on June 10, 1999, a second petition for relief from judgment. Both were denied as untimely or successive on June 27, 1999. He appealed from that denial order, and the Illinois Appellate Court affirmed on January 25, 2001. Petition for rehearing was denied on February 21, 2001. No PLA was filed.

Petitioner then moved to Vacate, Modify or Correct a Void Judgment in the circuit court. The court construed the motion as a post-conviction petition and dismissed it on May 17, 2001. Petitioner appealed and the decision was affirmed on May 9, 2002. No PLA was filed.

On May 23, 2002, petitioner filed a "Renewed Motion to Vacate Guilty Plea" in the circuit court. On June 24, 2002, he moved to withdraw that motion and to file a "Combined Motion to Vacate Guilty Plea and Judgment of Conviction." On June 21, however, the court had already dismissed the initial motion as untimely, and then dismissed the latter motion as moot on June 27, 2002.

Then, on February 2, 2003, petitioner filed a motion for "De Novo Review of Illegal Conviction," which was denied on March 26, 2003. Petitioner appealed and the appellate court affirmed on September 28, 2004. Petitioner's PLA was denied on February 17, 2005.

On April 22, 2005, petitioner then moved for a new trial, which was denied. Petitioner appealed, but withdrew the appeal on February 9, 2006, and the case was dismissed on March 6, 2006. The instant petition was filed on January 26, 2006.

## DISCUSSION

Respondent has moved to dismiss the petition as untimely. Under the AEDPA, 28 U.S.C. § 2244(d), there is a one year statute of limitations for habeas corpus actions:

> (1) A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of -
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevent from filing by such action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Under subsection(d)(2), the limitations period is tolled during the pendency of a "properly filed" post-conviction or collateral review. Properly filed means that the pleading's "delivery and acceptance are in compliance with the applicable laws and rules governing filings" in the applicable state. Artuz v. Bennett, 531 U.S. 4, 8 (2000). Therefore, even if an application is denied on a procedural basis, if the denial involves some analysis of the merits, it is properly filed. Smith v. Walls, 276 F.3d 340, 342-44 (7th Cir. 2002). If, however, an application is denied because it is untimely or because there is no basis for such a filing (i.e., the motion is not authorized by state law), it is not properly filed. Gray v. Briley, 305 F.3d 777, 778-79 (7th Cir. 2002); Douglas v. Horn, 359 f.3d 257, 262 (3rd Cir. 2004).

Because petitioner's conviction became final before the AEDPA was passed, the statute of limitations did not begin to run until April 25, 1996, the day after the legislation went into effect. Lindh v. Murphy, 521 U.S. 320, 322 (1997). On that date, petitioner had no active collateral action pending. Thus the statute began to run and continued to run until September 13, 1996, when petitioner filed his initial post-conviction petition, a period of 142 days.

The statue remained tolled until June 2, 1999, when the Illinois Supreme Court denied petitioner's PLA on the initial post-conviction petition. During this period, petitioner filed his

second post-conviction petition. Litigation on this petition continued to toll the statute until February 21, 2001, when the appellate court denied rehearing. The limitations period then began to run for 31 days until petitioner filed his motion to vacate, modify or correct a void judgment on March 25, 2001. Litigation on this motion tolled the limitations period until the Illinois Appellate Court affirmed the dismissal on May 9, 2002.

The limitations period began to run again on May 10, 2002. Petitioner filed a "Renewed Motion for Leave to Vacate Guilty Plea," but this was dismissed as untimely, meaning it was not properly filed and did not toll the limitations period. Gray, 305 F.3d at 778-79.

Petitioner next filed a "Motion for De Novo Review of an Illegal Conviction" on February 2, 2003, but there is no basis in Illinois for such a motion and neither the trial nor the appellate court reached the merits of the motion. Indeed, the appellate court granted petitioner's public defender's motion for leave to withdraw under Pennsylvania v. Finley, 481 U.S. 551 (1987), because no such motion exists under Illinois law and thus the motion as styled would be untimely. The motion, therefore, was not properly filed and did not toll the statute of limitations. Douglas, 359 F.3d at 262.

Petitioner next filed a motion for a new trial on April 22, 2005. This pleading tolled the statute of limitations because the court reached the merits before denying the motion. Litigation on this motion continued until March 6, 2006, when the appellate court granted petitioner's motion to dismiss his appeal. Therefore, the limitations period ran from May 10, 2002 until April 22, 2005, a period of 1,078 days, well over the statute of limitations period. Consequently, the petition is untimely and respondent's motion to dismiss is granted.

## **CONCLUSION**

For the reasons set forth above, respondent's motion to dismiss the petition as untimely is granted.

**ENTER:** **October 23, 2006**

_____
**Robert W. Gettleman
United States District Judge**